IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>*L.A.B.P.* v.<br><br>LUIS A. BETANCOURT-PANTOJAS,<br>a/k/a "Nazi," "Nassi,"<br>Defendant. | CRIMINAL NOS. 18-577-2 (GAG)<br>19-075-20 (GAG) |

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: W. Stephen Muldrow, United States Attorney; Alberto López-Rocafort, Assistant United States Attorney and Chief of the Gang Section; and Vanessa E. Bonhomme, Assistant United States Attorney; along with defendant's counsel Antonio L. Bisbal-Bultron, Esq.; and defendant Luis A. Betancourt-Pantojas, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

CRIMINAL CASE NO. 18-577-02 (GAG):

Defendant agrees to plead guilty to **Count Three** of the Indictment.

**Count Three** charges Defendant with a violation of Title 18, *United States Code*, Section 924(c)(1)(A) – **Possession of Firearms in Furtherance of a Drug Trafficking Crime.**

On or about August 22, 2018, in the District of Puerto Rico and within the jurisdiction of

this Court, **[2] LUIS A. BETANCOURT-PANTOJAS**, and his codefendants did knowingly possess firearms, as that term is defined in Title 18, *United States Code*, Section 921(a)(3), that is: (1) a Glock 9mm caliber pistol, Model 34, serial number DPM581US, loaded with 30 rounds of ammunition; (2) an AR type pistol, of unknown make, without serial number, and loaded with 19 rounds of .223-caliber ammunition; (3) a Kal Tec, AR type pistol, Model PLR-16, serial number P8A27, black and green in color, and loaded with 47 rounds of .223-caliber ammunition; and (4) a Glock .40 caliber pistol, Model 22, without a serial number, in furtherance of a drug trafficking crime for which they may be prosecuted in a Court of the United States, that is, possession with intent to distribute marihuana in violation of Title 21, *United States Code*, Sections 841(a)(1). All in violation of Title 18, *United States Code*, Section 924(c)(1)(A)(i).

CRIMINAL CASE NO. 19-075-20 (GAG):

Defendant agrees to plead guilty to **Count One** of the Indictment.

**Count One** charges Defendant with a violation of Title 21, *United States Code*, Sections 841(a)(1), (b)(1)(A), 846, and 860 – **Conspiracy to Possess with Intent to Distribute Controlled Substances.**

Beginning on a date unknown, but no later than in or about the year 2011, and continuing up to and until the return of the instant Indictment, in the Municipalities of Humacao and San Juan, District of Puerto Rico and within the jurisdiction of this Court, **[20] LUIS A. BETANCOURT-PANTOJAS** and co-conspirators, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II

L.A.B.P.

Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Dr. Pedro J. Palou Public Housing Project and the Jardines del Oriente *(Los Condos)* Public Housing Project, and other areas; and within one thousand (1,000) feet of the Rufino Vigo Elementary School. All in violation of Title 21, *United States Code*, Sections 841(a)(1), (b)(1)(A), 846, and 860.

2. **MAXIMUM PENALTIES**

CRIMINAL CASE NO. 18-577-02 (GAG):

Pursuant to 18 U.S.C. § 924(c)(1)(A)(i), the maximum statutory penalty for the offense charged in **Count Three** of the Indictment, a Class A felony under 18 U.S.C. § 3559(a)(1), is a term of imprisonment of not less than five (5) years and up to life imprisonment; pursuant to 18 U.S.C. § 3571(b)(3), a fine not to exceed $250,000; pursuant to 18 U.S.C. § 3583(b)(2), a supervised release term of not more than three (3) years; and pursuant to 18 U.S.C. § 3013(a)(2)(A). Any term of imprisonment will run consecutive to any other term of imprisonment pursuant to 18 U.S.C. § 924(c)(1)(D)(ii).

L.A.B.P.

CRIMINAL CASE NO. 19-075-20 (GAG):

The Penalty for the offense charged in **Count One** of the Indictment is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846, and 860.

However, for purposes of this plea agreement, the defendant is being held responsible for the possession of **at least 100 grams** but **less than 200 grams of cocaine**. Therefore, if the Court accepts this stipulation, the defendant faces a minimum term of imprisonment of one (1) year up to a maximum term of imprisonment of forty (40) years, a fine not to exceed two million dollars ($2,000,000), and a term of supervised release of not less than six (6) years in addition to any term of incarceration, pursuant to 21 U.S.C. §§ 841(b)(1)(C), 846, and 860.

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that under the Sentencing Reform Act of 1984, Congress abolished parole and that the imposition of his sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100) United States currency, **per count of conviction**, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

5. **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the *Guidelines Policy Statements, Application, and Background Notes*. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement. As such, this Plea and Forfeiture Agreement, including the sentencing calculations and recommendations contained herein do not bind this Court. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. *See* Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot withdraw his guilty plea for that reason alone and will remain bound to fulfill all the obligations under this Plea and Forfeiture Agreement. *See* Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the

relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

CRIMINAL CASE NO. 18-577-02 (GAG):

| SENTENCING GUIDELINES CALCULATIONS TABLE<br>Count Three – 18 U.S.C. § 924(c)(1)(A) ||
|---|---|
| STATUTORY MANDATE<br>[U.S.S.G. § 2K2.4(b)]<br>Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 5 years to imprisonment for life |

CRIMINAL CASE NO. 16-591-59 (GAG):

| SENTENCING GUIDELINES CALCULATION TABLE (COUNT ONE)<br>Title 21, *United States Code*, §§ 841(a)(1), 846, and 860 ||
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. §2D1.1(c)(12)]<br>(Possession of at least 100 grams but less than 200 grams of cocaine) | 16 |
| PROTECTED LOCATION [U.S.S.G. §2D1.2(a)(1)]<br>(Distribution within 1,000 of PHP/School Zone) | +2 |
| Acceptance of Responsibility [§ 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL | 15 |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY I<br>IF CRIMINAL HISTORY CATEGORY II<br>IF CRIMINAL HISTORY CATEGORY III<br>IF CRIMINAL HISTORY CATEGORY IV<br>IF CRIMINAL HISTORY CATEGORY V<br>IF CRIMINAL HISTORY CATEGORY VI | 18-24<br>21-27<br>24-30<br>30-37<br>37-46<br>41-51<br>months<br>ZONE D |

*L.A.B.P*

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

CRIMINAL CASE NO. 18-577-02 (GAG):

As to **Count Three** of the Indictment, the parties jointly agree and recommend that the defendant be sentenced to a term of **sixty (60) months imprisonment**, which is the statutory minimum sentence, regardless of criminal history category. The defendant agrees that this sentence recommendation is reasonable pursuant to 18 U.S.C. § 3553(a). The sentence imposed for this count of conviction must be served consecutive to any other sentence.

CRIMINAL CASE NO. 19-075-20 (GAG):

The parties agree that as to **Count One** of the Indictment, the defendant may request a term of incarceration not less than **twelve (12) months imprisonment**, regardless of criminal history category. The parties agree that this recommendation may constitute a variant sentence. The United States may request a sentence of up to **twenty-four (24) months imprisonment**, regardless of criminal history category. The sentence imposed in criminal case number 19-075-20 (GAG) must be served consecutively to the sentence imposed in 18-577-02 (GAG). The defendant agrees that this sentence recommendation is reasonable pursuant to 18 U.S.C. § 3553(a).

10. **WAIVER OF APPEAL**

CRIMINAL CASE NO. 18-577-02 (GAG):

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is **sixty (60) months** to be served consecutive to any other sentence, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and

conditions of supervised release.

CRIMINAL CASE NO. 19-075-20 (GAG):

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court on this case is **twenty-four (24) months or less**, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, **Antonio L. Bisbal-Bultron, Esq.**, and asserts that counsel has rendered effective legal assistance.

## 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

    b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

    e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and the jury could draw no inference of guilt from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **STIPULATION OF FACTS**

This Plea and Forfeiture Agreement hereby incorporates the accompanying Stipulation of Facts signed by Defendant. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect, and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **FIREARM AND AMMUNITION FORFEITURE**

<u>CRIMINAL CASE NO. 18-577-02 (GAG):</u>

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): any firearms and ammunition involved in the commission of the offense, including, but not limited to:

(1) a Glock 9mm caliber pistol, Model 34, serial number DPM581US, loaded with 30 rounds of ammunition; (2) an AR type pistol, of unknown make, without serial number, and loaded with 19 rounds of .223-caliber ammunition; (3) a Kal Tec, AR type pistol, Model PLR-16, serial number P8A27, black and green in color, and loaded with 47 rounds of .223-caliber ammunition; and (4) a Glock .40 caliber pistol, Model 22, without a serial number.

Defendant acknowledges that he possessed the aforementioned items in violation of 18 U.S.C. § 924(c)(1)(A), as set forth in **Count Three** of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

16. **NARCOTICS FORFEITURE**

CRIMINAL CASE NO. 19-075-20 (GAG):

Pursuant to 21 U.S.C. § 853, Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation[s], including but not limited to the following: Approximately twenty-one thousand, two hundred and thirty-four dollars and eighty-six cents ($21,234.86) United States currency.

Defendant acknowledges that he possessed controlled substances with intent to distribute them in violation of 21 U.S.C. § 841(a)(1), as set forth in **Count One** of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

17. **LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

18. **ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

19. **AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

20. **DISMISSAL OF REMAINING COUNTS**

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss the remaining Counts charged in both Criminal Case No. 18-577-02 (GAG) and Criminal Case No. 19-075-20 (GAG).

INTENTIONALLY BLANK

*L.A.B.P*

## 21. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

W. STEPHEN MULDROW
United States Attorney

_____
Alberto López-Rocafort
Assistant United States Attorney
Chief, Gang Section
Date: 5/15/2020

_____
Vanessa E. Bonhomme
Assistant United States Attorney
Date: 5/14/2020

_____
Antonio L. Bisbal-Bultrón, Esq.
Counsel for Defendant
Date: 4/6/5/2020

_____
Luis A. Betancourt-Pantojas
Defendant
Date: 4/6/2020

L.A.B.P

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 6/4/2020

Luis A. Betancourt-Pantojas
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 6/5/2020

Antonio L. Bisbal-Bultron
Counsel for Defendant

L.A.B.P

## STIPULATION OF FACTS

<u>CRIMINAL CASE NO. 18-577-02 (GAG)</u>:

In conjunction with the submission of the accompanying plea agreement in this case, The United States submits the following statement setting forth the United States version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of 18 U.S.C. § 924(c)(1)(A)(i). The following is a summary of the facts the United States would have proven beyond reasonable doubt if this matter would have gone to trial:

On or about August 22, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, [2] LUIS A. BETANCOURT-PANTOJAS, and his codefendants did knowingly possess firearms, as that term is defined in Title 18, *United States Code*, Section 921(a)(3), that is: (1) a Glock 9mm caliber pistol, Model 34, serial number DPM581US, loaded with 30 rounds of ammunition; (2) an AR type pistol, of unknown make, without serial number, and loaded with 19 rounds of .223-caliber ammunition; (3) a Kal Tec, AR type pistol, Model PLR-16, serial number P8A27, black and green in color, and loaded with 47 rounds of .223-caliber ammunition; and (4) a Glock .40 caliber pistol, Model 22, without a serial number, in furtherance of a drug trafficking crime for which they may be prosecuted in a Court of the United States, that is, possession with intent to distribute marihuana in violation of Title 21, *United States Code*, Sections 841(a)(1). All in violation of Title 18, *United States Code*, Section 924(c)(1)(A)(i).

Specifically, on August 22, 2018, while law enforcement agents were executing a federal arrest warrant, agents entered Building 6, Apartment 182 in Los Manatiales Public Housing Project in San Juan, Puerto Rico. Apartment 182 was a one-bedroom unit with one small kitchen, one closet in the hallway, and one bathroom. After knocking and announcing their presence, law enforcement officers entered the apartment. [2] LUIS A. BETANCOURT-PANTOJAS was

observed exiting the bedroom with a co-defendant. Law enforcement officers detained all individuals in the apartment and conducted a protective sweep.

On top of a table in the living room agents observed drug paraphernalia. Additionally, agents observed a rifle type magazine protruding from a backpack located on the sofa in the living room. Inside the backpack agents seized, one (1) .40 caliber drum magazine with the capacity to hold fifty (50) rounds of ammunition; one (1) 9mm caliber double drum magazine with the capacity to hold one hundred (100) rounds of ammunition; and four (4) AR type rifle magazines, each with the capacity to hold thirty (30) rounds of ammunition.

The agents also observed a black satchel which contained: a cardboard box containing thirty-three (33) rounds of 9mm ammunition; a .40 caliber extended Glock magazine with the capacity to hold twenty-two (22) rounds of ammunition and actually loaded with eighteen (18) rounds of ammunition; a .40 caliber extended Glock magazine with the capacity to hold twenty-two (22) rounds of ammunition and actually loaded with nineteen (19) rounds of ammunition; a .40 caliber extended Glock magazine with the capacity to hold twenty-two (22) rounds of ammunition and actually loaded with three (3) rounds of ammunition; a .40 caliber Glock magazine with the capacity to hold fifteen (15) rounds of ammunition and actually loaded with twelve (12) rounds of ammunition; two (2) rounds of .40 caliber ammunition; one (1) round of .223 caliber ammunition; and one small clear plastic baggie containing marihuana.

In the bedroom, agents also seized several items that include, but are not limited to:

- A 9mm caliber Glock pistol, Model 34, bearing serial number DPM581US, loaded with thirty (30) rounds of 9mm caliber ammunition, modified to fire more than one round by the single pull of the trigger (machinegun). This firearm was confirmed to be a machinegun.

L.A.B.P                                Page 15 of 18

- An AR type pistol of unknown make, loaded with nineteen (19) rounds of .223 caliber ammunition.
- A black and green AR type pistol, Kal Tec, model PLR-16, bearing serial number P8A27 loaded with forty-seven (47) rounds of .223 caliber ammunition.
- A .40 caliber Glock pistol, Model 22, unloaded with a machinegun kit.
- Two (2) clear plastic bags containing marihuana.
- Sixty-four (64) small and medium clear plastic baggies containing marihuana.

The defendant admits that the amount of marihuana seized from the apartment was consistent with possession with intent to distribute. The defendant also admits that the possession of the firearms was in furtherance of drug trafficking activity, that is the possession with intent to distribute marihuana.



### CRIMINAL CASE NO. 19-075-20 (GAG):

Beginning on a date unknown, but no later than in or about the year 2011, and continuing up to and until the return of the instant Indictment, in the Municipalities of Humacao and San Juan, District of Puerto Rico and within the jurisdiction of this Court, [20] **LUIS A. BETANCOURT-PANTOJAS** and co-conspirators, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms or more of a mixture or substance containing a detectable amount of

L.A.B.P

cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Dr. Pedro J. Palou Public Housing Project and the Jardines del Oriente *(Los Condos)* Public Housing Project, and other areas; and within one thousand (1,000) feet of the Rufino Vigo Elementary School. All in violation of Title 21, *United States Code*, Sections 841(a)(1), (b)(1)(A), 846, and 860.

Specifically, [20] **LUIS A. BETANCOURT-PANTOJAS** acted as an enforcer for this drug trafficking organization. In this conspiracy, enforcers possessed, carried, brandished, used, and discharged firearms to protect the leaders and members of the drug trafficking organization, the controlled substances, the proceeds derived from their sales, and to further accomplish the goals of the conspiracy. Enforcers provided protection to the public housing projects and the drug distribution points by keeping watch (looking out) for enemies while they possessed, carried, brandished, used, and discharged firearms. During the course of the conspiracy, several kilograms of cocaine, cocaine base (crack), heroin, a detectable amount of marijuana, and Oxycodone and Alprazolam were sold. However, for purposes of his plea agreement, the defendant is admitting to possession of at least **100 grams but less than 200 grams of cocaine** with intent to distribute and the distribution. All this occurred within 1,000 feet of a real property comprising a housing facility owned by a public housing authority and within 1,000 feet of a property comprising a public or private elementary, vocational, or secondary school.

The United States would have proven these facts beyond a reasonable doubt through physical, testimonial, and documentary evidence such as, but not limited to, video recordings, photographs, seized controlled substances, seized firearms, and seized drug ledgers, and the testimony of agents from the Puerto Rico Police Department, FBI, and cooperating witnesses, in addition to experts from the DEA Laboratory and FBI Laboratory, among others.

The Government timely made discovery available to Defendant through his attorney for his review.

_____
Vanessa E. Bonhomme
Assistant United States Attorney
Dated: 5/14/2020

_____
Antonio L. Bisbal-Bultron
Counsel for Defendant
Dated: 6/5/2020

_____
Luis A. Betancourt-Pantojas
Defendant
Dated: 6/4/2020

L.A.B.P.