RECEIVED & FILED
CLERK'S OFFICE
AUG 10 2022
US DISTRICT COURT
SAN JUAN, PR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

BRYAN STEVEN RAMOS MARRERO,
Defendant.

CRIM. NO. 16-336-03 (ADC)
19-75-33 (ADC)

## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Bryan S. Ramos Marrero, and Defendant's counsel, Jorge Vega Pacheco, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

<u>Case Number 16-336-03 (ADC)</u>:

Defendant agrees to plead guilty to **Counts Three, Five** and the included offense of carrying a firearm during and in relation to a crime of violence in **Count Four** of the Indictment:

<u>Count Three</u>: That on or about April 11, 2016, **[3]Bryan S. Ramos Marrero**, the defendant herein, aided and abetted by others, with the intent to cause death or serious bodily harm, did take a motor vehicle, that is, a 2000, red in color, Jeep Compass, bearing license plate HGY-769, Vehicle Identification Number (VIN)



number 1J8FT47W48D767012, a vehicle that had been transported, shipped or received in interstate or foreign commerce, by force, violence and intimidation, from the person or presence of N.M.M.. All in violation of Title 18, United States Code, Sections 2119(1) and 2.

Count Four: That on or about April 11, 2016, [3]Bryan S. Ramos Marrero, the defendant herein, aided and abetted by others, did knowingly use, carry, and brandish firearms, that is, two (2) black color firearms, of unknown make, model, caliber, or serial number, during and in relation to a crime of violence, as charged in Count Three of this Indictment, for which they may be prosecuted in a court of the United States, that is, carjacking, in violation of Title 18, United States Code, Section 2119(1) and 2. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Title 18 United States Code, Section 2.

However, Defendant agrees to plead guilty to the included offense in Count Four of the Indictment, to wit, on or about April 11, 2016, in the District of Puerto Rico and within the jurisdiction of this Court, [3]Bryan S. Ramos Marrero, the defendant herein, aided and abetted others, did knowingly use and carry firearms, as that term is defined in Title 18, United States Code, Section 921(a)(3), that is two (2) black color firearms, of unknown make, model, caliber, or serial number, during and in relation to a crime of violence, an offense for which the defendant may be prosecuted in a Court of the United States, as charged in Count Three of this Indictment. All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

Count Five: That on or about April 11, 2016, **[3]Bryan S. Ramos Marrero**, the defendant herein, aided and abetted by others, did knowingly and unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movements of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendants did unlawfully take approximately $3,200 to $3,600 U.S. Currency and approximately $66.00 worth in Newport Cigarettes from the Gulf Gas Station/Store, in the presence of employees and clients, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, that is, threatening the employees and clients with firearms in order to commit the robbery. All in violation of Title 18, United States Code, Section 1951 and 2.

**Case Number 19-075-33 (ADC):**

Defendant agrees to plead guilty to **Count One** of the Indictment.

Count One: Beginning on a date unknown, but no later than in or about the year 2011, and continuing up to and until the return of the instant Indictment, in the Municipalities of Humacao and San Juan, District of Puerto Rico and within the jurisdiction of this Court, **[33] BRYAN RAMOS MARRERO** and co-conspirators, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty

(280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Dr. Pedro J. Palou Public Housing Project and the Jardines del Oriente *(Los Condos)* Public Housing Project, and other areas; and within one thousand (1,000) feet of the Rufino Vigo Elementary School. All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), 846, and 860.

2. **Maximum Penalties**

**Case Number 16-336-03 (ADC):**

Count Three: The statutory penalty for the offense charged in Count Three of the Indictment, is a term of imprisonment of not more than fifteen (15) years pursuant to 18 U.S.C. § 2119(1); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than

three years, pursuant to 18 U.S.C. § 3583(b)(2).

Count Four: The statutory penalties for the included offense of using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i) in Count Four of the Indictment is a minimum term of imprisonment of sixty (60) months and a maximum term of imprisonment of life; a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); a special monetary assessment of one hundred dollars pursuant to 18 U.S.C. § 3013(a)(2)(A); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

Counts Five: The maximum statutory penalty for the offense charged in Count Five of the Indictment, is a term of imprisonment of twenty (20) years pursuant to 18 U.S.C. § 1951; a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

**Case Number 19-075-33 (ADC):**

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00), and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, United States Code, Sections 841(b)(1)(A), 846, and 860.

However, for purposes of this plea agreement, the defendant is being held responsible for the possession with intent to distribute at least 2 kilograms but less than

3.5 kilograms of cocaine. Therefore, if the Court accepts this stipulation, the defendant faces a minimum term of imprisonment of five (5) years up to a maximum term of imprisonment of eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not less than eight (8) years in addition to any term of incarceration, pursuant to Title 21, United States Code, Sections 841(b)(1)(B), 846, and 860.

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form

500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

**INTENTIONALLY BLANK**

## Case Number 16-336-03 (ADC):

| SENTENCING GUIDELINES CALCULATIONS §3D1.4 COUNTS THREE AND FIVE Combining of Counts | | | | | |
|---|---|---|---|---|---|
| Greater of the Adjusted Offense Levels: | | | | 22 | |
| Increase in Offense Level: U.S.S.G. § 3D1.4(a),(b), and (c) (Count Three: BOL 22=1 unit) (Count Five: BOL 20=1 unit) =2 units=add two levels | | | | +2 | |
| Combined Adjusted Offense Level: | | | | 24 | |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | -3 | |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | 21 | |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 37-46 | 41-51 | 46-57 | 57-71 | 70-87 | 77-96 |

| SENTENCING GUIDELINES CALCULATIONS COUNT FOUR: 18 U.S.C. 924(c)(1)(A) |
|---|
| For Count Four of the Indictment, where defendant pleads guilty to the use and carry of a firearm during and in relation to a crime of violence, a minimum consecutive term of imprisonment of (60) months is mandatory. U.S.S.G. § 2K2.4(b) |

**INTENTIONALLY BLANK**

**Case Number 19-075-33 (ADC):**

| COUNT ONE 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(9) (At least 2 kilograms but less than 3.5 kilograms of cocaine) | 26 |
| Protected Location pursuant to U.S.S.G. § 2D1.2(a)(1) (Distribution within 1,000 of PHP/School Zone) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **25** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 57-71 | 63-78 | 70-87 | 84-105 | 100-125 | 110-137 |

8. **Sentence Recommendation**

**Case Number 16-336-03 (ADC):**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that that both parties will request a sentence of thirty-seven (37) months of imprisonment as to Counts Three and Five, regardless of criminal history category, to be served consecutive to the sentence imposed as to Count Four.

As to Count Four, the parties agree to recommend a sentence of imprisonment of sixty (60) months, regardless of criminal history category. The defendant understands the sixty (60) month recommendation is the minimum mandatory sentence. The defendant also accepts that the sentence imposed in Count Four must be served consecutive to any other sentence, including Counts Three and Five in case number 16-336 (ADC) and Count One in case number 19-75 (ADC).

**Case Number 19-075-33 (ADC):**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the defendant shall a request a sentence not less than sixty (60) months imprisonment, regardless of criminal history category. The United States may request a sentence not greater than seventy (70) months imprisonment, regardless of criminal history category. The defendant understands a sixty (60) month minimum mandatory sentence is applicable.

The parties further agree that defendant may request that the sentence imposed as to Counts Three and Five in case number 16-336 (ADC) be served concurrent to the sentence imposed in Count One in case number 19-75 (ADC).

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court in: Counts Three and Five in case number 16-336 (ADC) is thirty-seven (37) months or less; Count Four in case number 16-336 (ADC) is sixty (60) months or less; and Count One in case number 19-75 (ADC) is seventy (70) months or less, Defendant waives the right to appeal any aspect of this case's judgment

and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Jorge Vega Pacheco, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause

where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if,

after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

21. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

22. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 23. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense.

W. STEPHEN MULDROW
United States Attorney

_____
Vanessa Bonhomme
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime
Dated: 8/3/2022

_____
Daynelle Alvarez Lora
Assistant U.S. Attorney
Dated: 8/3/22

_____
Jorge Vega Pacheco, Esq.
Counsel for Defendant
Dated: 8/8/2022

Bryan S. Ramos Marrero
Bryan S. Ramos Marrero
Defendant
Dated: 8/8/2022



## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 8/8/2022

Bryan S. Ramos Marrero
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8/8/2022

Jorge Vega Pacheco
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Bryan S. Ramos Marrero, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility.

### Case Number 16-336-03 (ADC):

[3] Bryan S. Ramos Marrero accepts that he committed the offenses in Counts Three, Four, and Five as charged in the operative Indictment, charging defendant with violations of 18 U.S.C. §§ 1951, 2119(1), 924(c)(1)(A), and 2. The following is a synopsis of the facts in this case:

As charged in the operative Indictment, on or about April 11, 2016, defendant [3]Bryan S. Ramos Marrero, aided and abetted by others, with the intent to cause death or serious bodily harm, he took a motor vehicle, a red, 2000, Jeep Compass, bearing license plate HGY-769, Vehicle Identification Number (VIN) number 1J8FT47W48D767012, from the person or presence of victim N.M.M., by force, violence, and intimidation and that the vehicle had been transported, shipped or received in interstate or foreign commerce.

Defendant accepts that he, aided and abetted by others, used and carried two (2) black firearms of unknown make and model, during and in relation to the abovementioned carjacking.

Defendant further accepts that the Gulf Gas Station/Store in Maunabo, Puerto Rico is a commercial establishment doing business in and affecting interstate commerce.

On or about April 11, 2016, defendant **[3]Bryan S. Ramos Marrero**, aided and abetted by others, unlawfully took money (approximately $3,200 to $3,600 U.S. currency, and approximately $66.00 worth in Newport cigarettes) from the Gulf Gas Station/Store in the presence of employees and clients against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, that is, he committed an armed robbery to the Gulf Gas Station/Store located in Maunabo, Puerto Rico.

**Case Number 19-075-33 (ADC):**

Beginning on a date unknown, but no later than in or about the year 2011, and continuing up to and until the return of the instant Indictment, in the Municipalities of Humacao and San Juan, District of Puerto Rico and within the jurisdiction of this Court, **[33]Bryan Ramos-Marrero** and co-conspirators, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic

Drug Controlled Substance; in excess of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Dr. Pedro J. Palou Public Housing Project and the Jardines del Oriente *(Los Condos)* Public Housing Project, and other areas; and within one thousand (1,000) feet of the Rufino Vigo Elementary School. All in violation of Title 21, *United States Code,* Sections 841(a)(1), (b)(1)(A), 846, and 860.

Specifically, [33] **Bryan Ramos-Marrero** acted as an armed seller and runner for this drug trafficking organization. During the course of the conspiracy, several kilograms of cocaine, cocaine base (crack), heroin, a detectable amount of marijuana, Oxycodone and Alprazolam were sold. However, for purposes of this plea agreement, the defendant is admitting to possession of at least 2 kilograms but less than 3.5 kilograms of cocaine with intent to distribute and the distribution. The defendant admits that he also possessed firearms during the conspiracy. All this occurred within 1,000 feet of a real property comprising a housing facility owned by a public housing

authority and within 1,000 feet of a property comprising a public or private elementary, vocational, or secondary school.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Counts Three, Four, and Five in case number 16-336 (ADC) and Count One of case number 19-75 (ADC). This would have been proven through physical and documentary evidence, including, but not limited to, testimony of PRPD and FBI Agents, photographs, documents, videos, and other physical evidence.

Discovery was timely made available to Defendant for review.

_____
Daynelle Alvarez Lora
Assistant United States Attorney
Dated: 8/3/22

_____
Vanessa Bonhomme
Assistant United States Attorney
Transnational Organized Crime
Dated: 8/3/2022

_____
Jorge Vega Pacheco
Counsel for Defendant
Dated: 8/8/2022

*Bryan S. Ramos Marrero*
Bryan S. Ramos Marrero
Defendant
Dated: 8/8/2022